IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| RICHARD W. BURCIK and SUSAN A. BURCIK<br><br>v.<br><br>THE PROGRESSIVE CORPORATION and ASI PREFERRED INSURANCE CORPORATION | CIVIL ACTION<br><br>NO. 21-2643 |
|---|---|

## MEMORANDUM RE: PLAINTIFFS' MOTION TO REMAND AND DEFENDANTS' MOTION TO DISMISS OR TRANSFER

**Baylson, J.**                                                                                          **October 8, 2021**

Before the Court are two motions. The first is Plaintiffs Richard W. Burcik and Susan A. Burcik's Motion to Remand. (ECF 15.) The second is Defendants The Progressive Corporation and ASI Preferred Insurance's Motion to Dismiss Plaintiffs' Amended Complaint or, in the Alternative, to Transfer Action. (ECF 16.) Plaintiffs bring claims against Defendants for violating Pennsylvania's bad faith statute, violating Pennsylvania's Unfair Trade Practices and Consumer Protection Law, and violating Pennsylvania's Unfair Insurance Practices Act. Defendants seek dismissal of all claims or, alternatively, transfer to the Middle District of Florida.

**I.      Alleged Facts and Procedural History**

Plaintiffs Richard W. Burcik and Susan A. Burcik are a married couple who reside in Pennsylvania. (Am. Compl. at "The Parties," ¶ 1.) Defendant Progressive is an insurance corporation headquartered in Ohio. (Id. ¶ 3.) Defendant ASI is a subsidiary of Progressive with its headquarters in Florida. (Id. ¶ 8.)

As alleged by Plaintiffs, the events giving rise to this case are as follows. Each year, Plaintiffs spend January, February, and March at their vacation home in Florida. (Id. at

1

"Allegations," ¶ 3.)  In January 2021, Plaintiffs discovered that the lanai roof of their Florida home was leaking and filed an insurance claim with ASI.  (Id. at ¶ 3.)  Plaintiffs also filed a warranty claim with CAT 5 Construction Company, which had installed the roof in 2017.  (Id. at ¶ 4.)  A CAT 5 representative gave Plaintiffs his opinion that the damage to the roof was recent, sudden, and accidental, a view shared by four other roofing companies—Cooper Roofing, Devlin Roofing, Paradise Roofing, and Hansen Roofing—that Plaintiffs had inspect the roof.  (Id. at ¶ 8–9.)  This view was also verbally expressed by Jerrel Hughes, the claims adjuster assigned by ASI to Plaintiffs' claim, during his inspection of the roof.  (Id. at ¶ 12.)

Nonetheless, ASI denied Plaintiffs' claim.  (Id. at ¶ 14.)  Plaintiffs sent Defendants repeated emails arguing that Defendants had acted improperly by denying the claim.  (Id. at ¶¶ 15–19.)  The emails did not lead to any change to the denial of Plaintiffs' claim, despite threats of legal action.  (Id. at ¶ 21.)

Plaintiffs filed suit against Defendants in the Chester County Court of Common Pleas, bringing breach of contract claims in addition to their present claims.  Defendants removed the case to federal court on June 11, 2021 (ECF 1).  Plaintiffs filed a motion to remand (ECF 6), which was mooted when they filed an amended complaint (ECF 10).  The Amended Complaint removed the breach of contract claims, leaving in place claims against Defendants for violating Pennsylvania's bad faith statute, 42 Pa. C.S.A. § 8371 (Count I), violating Pennsylvania's Unfair Trade Practices and Consumer Protection Law, 73 P.S. §§ 201-2 –201-9.2 (Count II), and violating Pennsylvania's Unfair Insurance Practices Act, 40 P.S. § 1171.5 (Count III).

After filing the Amended Complaint, Plaintiffs filed a new motion to remand the case to state court, arguing that the amount in controversy is insufficient for federal subject-matter jurisdiction, to which Defendants filed a Response (ECF 17).  Defendants also filed a motion to

dismiss the case on an array of grounds. In the alternative, Defendants move to transfer the case to the Middle District of Florida, where Plaintiffs' Florida home is located. Plaintiffs filed a Response. (ECF 18.)

## II. Motion to Remand

### a. Legal Standard

The Court turns first to Plaintiffs' Motion to Remand. Under 28 U.S.C. § 1441(a), a civil action filed in a state court may be properly removed to federal court if the federal court would have had original jurisdiction over the action. District courts have original jurisdiction over civil actions where the parties are citizens of different states and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a). In a diversity case that has been removed to federal court, ascertaining the amount in controversy "begins with a reading of the complaint filed in the state court." Samuel-Bassett v. KIA Motors Am., Inc., 357 F.3d 392, 398 (3d Cir. 2004). When a complaint neither states a specific amount in controversy nor expressly limits the amount the plaintiff seeks to recover, "the challenger to subject matter jurisdiction [must] prove, to a legal certainty, that the amount in controversy could not exceed the [$75,000] statutory threshold." Judon v. Travelers Prop. Cas. Co. of Am., 773 F.3d 495, 501 (3d Cir. 2014) (quoting Frederico v. Home Depot, 507 F.3d 188, 195 (3d Cir. 2007)).

### b. Discussion

Plaintiffs' Amended Complaint neither alleges a specific amount in controversy nor expressly limits recovery, meaning that Plaintiffs must establish to a legal certainty that the amount in controversy could not exceed $75,000. Plaintiffs have failed to do this. Plaintiffs state that they seek $8,500 for damage to the roof as well as at least 3% interest, payment of Plaintiffs' legal costs, punitive damages, and treble damages under the UTPCPL. (Am. Compl. at "WHEREFORE"

Clause, ¶¶ 1–4.)  It is possible that the punitive damages alone may satisfy the amount in controversy requirement, let alone when added to the other relief that Plaintiffs seek.  See, e.g., Hollock v. Erie Ins. Exch., 842 A.2d 409, 422 (Pa. Super. 2004) (awarding punitive damages at a 10-to-1 ratio to compensatory damages in a bad faith action).  It may or may not be likely that Plaintiffs will recover more than $75,000—but it is by no means a legal certainty that they will recover less.  The Court will therefore dismiss Plaintiffs' Motion to Remand.

### III. Motion to Dismiss or Transfer

#### a. Legal Standard

A federal court may transfer a case to another district "[f]or the convenience of parties and witnesses" and "in the interest of justice."  28 U.S.C. § 1404(a).  "The burden of establishing the need for transfer . . . rests with the movant," and "in ruling on defendants' motion the plaintiff's choice of venue should not be lightly disturbed."  Jumara v. State Farm Ins. Co., 55 F.3d 873, 879 (3d Cir. 1995) (citation omitted).

In considering a motion to transfer an action under Section 1404(a), courts evaluate a number of factors and then determine whether, on the whole, these factors favor transfer. These factors include (1) the preferences of the parties, (2) where the claims arose, (3) the convenience of the parties and witnesses, (4) the location of records, (5) the enforceability of the judgment, (6) the interests of the forums, (7) the familiarity of the trial judge with applicable state law, and (8) practical and administrative considerations.  Cooper On behalf of estate of Cooper v. Correct Care Sols., No. CV 18-4358, 2019 WL 1227713, at *4 (E.D. Pa. Mar. 15, 2019) (Baylson, J.) (citing Jumara, 55 F.3d at 879–80).

### b. Discussion

Defendants somewhat overstate the case for transferring this action. Defendants discuss at length a provision in the insurance contract that they characterize as a forum selection clause. This is an important contention, since courts should enforce valid forum selection clauses "[i]n all but the most unusual cases." In re: Howmedica Osteonics Corp, 867 F.3d 390, 402 (3d Cir. 2017) (quoting Atl. Marine Const. Co. v. U.S. Dist. Ct., 571 U.S. 49, 60 (2013)). The provision in question, however, is not a forum selection clause.

Defendants have attached to their brief the insurance policy underlying Plaintiffs' claims. (Defs.' Mot., Ex. C.) The alleged forum selection clause states: "**Venue.** This policy and any performance there under shall be construed with and governed by the laws of the State of Florida." (Id. at "Special Provisions for Florida" 10 and "Special Provisions – Liability" 2.) This language is easily found in reviewing the insurance policy, and it is not hidden through obscure placement or a small font size. But the plain text of the provision states only that Florida law governs the contract—not that only Florida courts can hear disputes over that law. Though perhaps intended as more, the provision as written appears to be not a forum selection clause but rather its popular cousin, a choice of law clause.

The choice of law clause is telling, however, in that it reflects the extent to which the events giving rise to this action are centered in Florida. The claims revolve around a Florida insurance policy to which Florida law will apply and which was purchased from a Florida corporation for a Florida house which was damaged in Florida. The various individuals who inspected the damaged roof and who will likely be called as witnesses presumably live in or near Florida. The only connection that Pennsylvania has to this case is that Plaintiffs are Pennsylvania residents, and the burden to them of litigating in Florida appears low. After all, a central fact of this case is that

Plaintiffs already have a house in Florida where they live for several months every year. The Court will therefore transfer the case to the Middle District of Florida, where Plaintiffs' Florida home is located and where the events giving rise to this action occurred, "[f]or the convenience of parties and witnesses [and] in the interest of justice." 28 U.S.C. § 1404(a).

## IV. Conclusion

For the foregoing reasons, Plaintiffs' Motion to Remand will be denied. Defendants' Motion to Dismiss Plaintiffs' Amended Complaint or, in the Alternative, to Transfer Action will be granted with regard to transferring the action. An appropriate Order follows.

O:\CIVIL 21\21-2643 Burcik v. Progressive\21cv2643 Memorandum re Remand and Transfer.docx